

# NUMBER 13-13-00538-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PAUL MICHAEL LOPEZ,                                            Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Paul Michael Lopez, attempted to perfect an appeal from a conviction for possession of child pornography.   We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on July 3, 2013, counsel filed a motion for new trial on June 25, 2013, and notice of appeal was filed on September 25, 2013.   On October 7, 2013, the Clerk of this Court notified appellant that it appeared that the appeal

was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant timely filed a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before September 3, 2013[1]. *See* TEX. R. APP. P. 26.2(a)(2). Although the notice of appeal herein was filed within the fifteen day time period, no such motion for extension of time was filed within the fifteen day time period. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App.

---

[1] The ninety day after June 3, 2013, fell on Sunday, September 1, 2013. The following day was Monday, September 2, 2013, which was Labor Day. As per TEX. R. APP. P. 4.1(a), the deadline for filing the notice of appeal was extended to Tuesday, September 3, 2013.

1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.